IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARCHELROAD MOTORS, INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 7:11CV5002 |
| v. | ) ) ) | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, and CHARLES CHASE, | ) ) ) ) ) ) | FINDINGS, RECOMMENDATION AND ORDER |
| Defendants. | ) | |

Plaintiff Harchelroad Motors, Inc. has filed suit against the defendants to recover for damages arising from a fire. Plaintiff claims defendant Universal Underwriters Insurance Company ("Universal") and Zurich American Insurance Company ("Zurich") breached their contract with the plaintiff by refusing to pay for fire damages in accordance with the terms of the insurance policies issued to the plaintiff. The plaintiff further claims defendant Charles Chase, as an undisclosed captive agent of Zurich and Universal, negligently failed to obtain the insurance coverage requested by the plaintiff, and concealed and misrepresented material information about the coverage available and obtained. Plaintiff claims defendant Chase is personally liable, and Zurich and Universal are vicariously liable, for Chase's negligence, concealment and misrepresentations.

The plaintiff's lawsuit was filed in the District Court of Chase County, Nebraska. Defendants Universal and Zurich removed the case to this forum on February 17, 2011. Filing No. 1. Universal and Zurich claim this court has diversity jurisdiction. The plaintiff has moved for remand, claiming the removal was procedurally defective and lacks substantive merit. Filing No. 20, at CM/ECF p. 2, § 3.

The plaintiff argues:

- the petition for removal does not assert any statutory basis or other basis for Federal Court jurisdiction, (filing no. 20, at CM/ECF p. 3, ¶ 5);

- defendant Chase did not join in the removal, (filing no. 20, at CM/ECF pp. 2-3, ¶ 4); and

- complete diversity of citizenship is lacking, (filing no. 20, at CM/ECF p. 4, ¶ 7).

In addition to remand, the plaintiff requests recovery of the costs and fees incurred in filing the motion for remand. Filing No. 20, at CM/ECF p. 4, ¶ 8.

As explained below, the motion for remand should be granted.

**Standard of Review**

Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803). "A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005)(citing 28 U.S.C. § 1441(b)). See also, City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). A federal court is obligated to exercise federal jurisdiction when it is properly invoked. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 187 (1959). However, in cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir.

2009); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

**Allegations of Removed Complaint**

The parties' respective arguments are based on the state court filings. The factual statements in plaintiff's complaint, as more fully discussed below, are considered undisputed for the purpose of determining this motion for remand.

Harchelroad Motors, Inc. is a Nebraska corporation which operates an auto and farm equipment sales and repair business with business locations in Wauneta, Nebraska and Imperial, Nebraska. Filing No. 1, at CM/ECF p. 9, ¶ 11; p. 11, ¶ 24. On October 17, 2009, the business located at 316 Broadway, Imperial, Nebraska caught fire and was completely destroyed. Filing No. 1, at CM/ECF p. 8, ¶5; p. 9, ¶ 12.

At the time of the fire, Harchelroad Motors was insured under policies of insurance issued by defendant Universal, a subsidiary of defendant Zurich. Filing No. 1, at CM/ECF pp. 9-10, ¶¶ 11-16. Defendant Chase, the agent who sold the polices to Harchelroad Motors, is a captive agent who markets the products of only Zurich and its affiliates. Filing No. 1, at CM/ECF p. 10, ¶ 17. Chase never disclosed to Harchelroad Motors that he was a captive agent of Zurich and therefore represented the interests of only the insurance company. Filing No. 1, at CM/ECF pp. 10-11, ¶ 18.

Plaintiff Harchelroad Motors is a Nebraska Corporation with its business locations in Nebraska. Filing No. 1, at CM/ECF p. 9, ¶ 11. Zurich is a New York corporation with its principal office located in Schaumburg, Illinois. Filing No. 1, at CM/ECF p. 10, ¶ 15. Universal is a Kansas corporation, with its principal place of business in Overland Park,

Kansas. Filing No. 1, at CM/ECF p. 2, ¶ 4. Defendant Chase is a Nebraska resident. Filing No. 1, at CM/ECF p. 10, ¶ 17.

After the fire, the plaintiff submitted insurance claims for its property and business losses. Defendant Universal has not paid all claims for the loss of plaintiff's business personal property, has paid no claims relating to business continuation or interruption, and has not paid the extra expenses plaintiff incurred to resume or attempt to resume its business operations. Filing No. 1, at CM/ECF p. 8, ¶ 6.

The plaintiff's complaint alleges breach of contract, promissory estoppel, and first-party insurance bad faith claims against defendants Zurich and Universal. The complaint also alleges negligence, fraudulent or negligent concealment, and negligent misrepresentation claims against defendant Chase.

Specifically as to defendant Chase, the plaintiff alleges:

- Harchelroad Motors asked Chase to secure an insurance policy which provided full coverage of business activity losses caused by catastrophes such as tornados and fires, including for the loss of plaintiff's buildings, business personal property, inventory, equipment, machinery, automobiles and farm equipment, and income stream caused by insured events. Filing No. 1, at CM/ECF p. 12, ¶¶ 25-26.

- Defendant Chase stated he would secure the requested insurance, including but not limited to business continuation or interruption coverage for all of plaintiff's operations and business activities. Filing No. 1, at CM/ECF p. 12, ¶ 28; p. 22, ¶ 84.

-4-

- Defendant Chase represented to the plaintiff that the policies he secured for Harchelroad Motors provided the full and complete coverage plaintiff requested, including full coverage for business interruption or business continuation in all aspects of plaintiff's business. Filing No. 1, at CM/ECF p. 13, ¶ 3l.

- Harchelroad Motors relied on Chase's insurance expertise and statements when obtaining insurance. Filing No. 1, at CM/ECF p. 12, ¶ 30.

- Defendant Chase never advised Harchelroad Motors that additional endorsements or coverage were needed for business interruption or business continuation coverage; that any business continuation or interruption coverage obtained was limited to a period of six (6) months; that business interruption or continuation coverage did not cover automobile sales or any portion of farm equipment sales or repair; and that additional endorsements could be obtained which would have automatically increased or reevaluated plaintiff's building coverage. Filing No. 1, at CM/ECF pp. 13-14, ¶¶ 33-36; p. 25, ¶¶ 99, 100-104.

- By his words and conduct, defendant Chase affirmatively represented to the plaintiff that: 1) the plaintiff had full coverage for business interruption or continuation, including coverage for automobile sales and all other aspects of its business operation; 2) there was complete or full business interruption or business continuation coverage for every aspect of plaintiff's business; 3) business interruption coverage would cover all of plaintiff's business losses until Plaintiff could fully recover from an insured event; 4) the coverage provided would fully protect the plaintiff from a loss; and 5) the coverage was

adequate for the operations and for the property the corporation owned. Filing No. 1, at CM/ECF p. 14, ¶¶ 37-39; p. 18, ¶ 55; p. 23, ¶ 88; and p. 27, ¶¶ 112-114.

In support of its negligence claim, the plaintiff alleges that assuming Zurich's and Universal's positions on the policy are correct, defendant Chase had a duty and obligation to obtain the insurance coverage requested by the plaintiff, explain the coverage available (and unavailable) under plaintiff's policies as written; and accurately disclose available options for securing additional coverage. Filing No. 1, at CM/ECF p. 23, ¶¶ 86-87. Plaintiff alleges defendant Chase breached his duty of care to plaintiff by failing to secure the requested insurance and failing to advise Plaintiff of the fact that the coverage under the policies was inadequate for the protection requested. Filing No. 1, at CM/ECF p. 24, ¶¶ 91-93. The plaintiff claims it was damaged as a direct and proximate result of defendant Chase's negligence. Filing No. 1, at CM/ECF pp. 22-24, ¶¶ 84-94.

In support of its fraudulent or negligent concealment claim, the plaintiff alleges defendant Chase knew or reasonably should have known the coverages available and the coverage limits actually provided under the policies provided to the plaintiff; assuming defendant Zurich's position is correct, defendant Chase failed to disclose that certain of plaintiff's business operations were not covered under the insurance policies; defendant Chase regularly and routinely concealed the lack of full and complete coverage for all aspects of plaintiff's business operations and that the amounts and coverages were inadequate; the facts concealed by defendant Chase (as more specifically identified in filing no. 1, at CM/ECF pp. 13-14, ¶¶ 33-36; p. 24-26, ¶¶ 96-104) were material; defendant Chase intentionally or negligently withheld the information from the plaintiff; and the plaintiff was damaged by defendant Chase's concealment of this information. Filing No. 1, at CM/ECF pp. 24-26, ¶¶ 96-108.

Plaintiff's negligent misrepresentation claim alleges that assuming Zurich's and Universal's policy interpretation is correct, defendant Chase knew the plaintiff's insurance policies did not cover aspects of plaintiff's business and that plaintiff had no protection for business interruption or business continuation for all it business activities; Chase materially misrepresented the protections offered to the plaintiff concerning a major loss and the sufficiency of the insurance coverage (as more specifically set forth at filing no. 1, at CM/ECF p. 14, ¶¶ 37-39; p. 18, ¶ 55; p. 23, ¶ 88; and p. 27, ¶¶ 112-114); the plaintiff reasonably relied on defendant Chase when obtaining insurance; and as a direct and proximate result of defendant Chase's misrepresentations, the plaintiff was damaged. Filing No. 1, at CM/ECF p. 26-28, ¶¶ 110-119.

**Legal Analysis**

The plaintiff argues remand is required because defendant's notice of removal does not identify a statutory source for federal jurisdiction; defendant Chase did not join in the removal; and complete diversity is lacking.  The defendants claim the removal notice adequately alleges a basis for diversity jurisdiction; defendant Chase expressed his consent to removal by alleging he was fraudulently joined and by filing his motion to dismiss under this court's rules immediately after the removal; and defendant Chase is a fraudulently joined defendant whose state citizenship cannot be considered in determining whether complete diversity is lacking.

1.      Statutory basis for removal.

The removal notice filed by Universal and Zurich alleges the diversity of citizenship between these insurer defendants and the plaintiff, and that the amount in controversy

exceeds $75,000. The plaintiff claims the removal notice is nonetheless deficient. Plaintiff argues:

> The petition filed by the two Defendants does not, on its face, assert any statutory basis or other basis for Federal Court jurisdiction. The Federal Court is a court of limited jurisdiction and the basis for jurisdiction must be specifically pled. Without pleading the basis for jurisdiction this Court is not empowered to exercise its authority over the parties and subject matter.

Filing No. 20, p. 3 ¶ 5. The plaintiff has not cited, and the court has not found, any case granting remand because the removal notice failed to specifically cite to the statute which authorizes this court to exercise federal jurisdiction.

The removal statute, 28 U.S.C.A. § 1446, states a notice of removal must contain a "short and plain statement of the grounds for removal. . . ." Although removal notices typically identify the specific section of the United States Code under which an action is removed, § 1446 does not require a statutory citation. Hayduk v. United Parcel Service, Inc., 930 F.Supp. 584, 592 (S.D. Fla. 1996)(collecting cases). Remand should not be granted for failure to cite a jurisdictional statute in the removal notice.

    2.    <u>Failure to unanimously join in the removal</u>.

It is well settled that a removal is not effective unless all the parties on the same side of the controversy consent to removal. "While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal. . . . There must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating

that the defendant has actually consented to the removal." Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)(internal citations and quotation marks omitted).

The notice of removal was filed by defendants Zurich and Universal. Defendant Chase did not sign or join in the removal notice. The plaintiff claims the removal is therefore procedurally defective.

Immediately after Zurich and Universal filed their removal notice, defendant Chase filed a motion to dismiss stating he was "fraudulently joined for the purpose of avoiding federal jurisdiction." As evidenced by defendant Chase's motion, he is purposefully availing himself of this court's mechanisms by seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Filing No. 2, p. 1). In addition, defendant Chase has responded to plaintiff's motion for remand by joining the objection to remand filed by defendants Zurich and Universal. Under such circumstances, a sufficient basis exists for concluding the defendants unanimously consented to removal. See, e.g., Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009).

      3.     <u>Lack of complete diversity</u>

When a suit is filed against more than one defendant, the requirements of the diversity statute must be met for each defendant. Complete diversity of citizenship must exist. Newman-Green, Inc. v. Alfonzo- Larrain, 490 U.S. 826, 828 (1989). For the purposes of determining diversity, the plaintiff is a Nebraska citizen, and defendant Chase is a Nebraska citizen. Therefore, on the face of the complaint, diversity jurisdiction appears to be lacking.

The defendants claim defendant Chase was fraudulently joined as a defendant, and therefore Chase's citizenship cannot be considered in determining the existence of diversity

jurisdiction. In the absence of federal question jurisdiction, when a plaintiff has joined a non-diverse party as a defendant in its state case, the defendants may avoid remand by demonstrating that the non-diverse party was fraudulently joined. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003).

The defendants' brief opposing remand essentially asks the court to determine the merits of defendant Chase's motion to dismiss for failure to state a claim. The defendants claim the plaintiff has not and cannot allege a valid claim against Chase, and therefore Chase is fraudulently joined and diversity exists. The defendants' focus, and the inquiry and review they ask this court to make, is misguided.

When faced with a claim of fraudulent joinder, the district court need not determine whether the plaintiff's complaint alleges a valid claim for relief under applicable state law. As explained in Filla, when considering a claim of fraudulent joinder:

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.
>
> . . .
>
> Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant. This determination is the essential function required of the district court in a fraudulent-joinder setting. . . . [I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in

connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."

Filla, 336 F.3d at 811(quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977).

The defendants claim the plaintiff cannot assert a claim for recovery under Nebraska law. The plaintiff has not asserted a breach of contract claim against defendant Chase, and under Nebraska law, such a claim may not be valid if defendant Chase was a disclosed captive agent of the insurer defendants.[1]

> When a party contracts with an agent known to be acting on behalf of a disclosed principal within the scope of his or her authority for a disclosed principal, the contract is that of the principal only and the agent cannot be held personally liable thereon, unless the agent purports to bind himself or herself, or has otherwise bound himself or herself, to performance of the contract. . . . In the absence of an express undertaking of a broader duty, an agent of the insurer who acts in an authorized, lawful manner is not personally liable to the insured for his or her acts or for any contracts which the agent makes on behalf of his or her disclosed principal.

Broad ex rel. Estate of Schekall v. Randy Bauer Ins. Agency, Inc., 275 Neb. 788, 795, 749 N.W.2d 478, 483-484 (Neb. 2008).

However, insurance agents can be sued on Nebraska common law tort theories of recovery. "An insurance agent who agrees to obtain insurance for another but negligently fails to do so is liable for the damage proximately caused by such negligence; the measure

---

[1]The plaintiff alleges Chase's captive agency relationship with the defendant insurers was never disclosed. From the cases cited by the parties, it is unclear whether Nebraska law permits a breach of contract claim by an insured against an undisclosed captive insurance agent.

of damages is the amount that would have been due under the policy if it had been obtained by the agent." Broad, 275 Neb. at 793. Similarly, "[i]t is well established that an insurance agent or broker may be held liable for a negligent misrepresentation made to an insured." Flamme v. Wolf Ins. Agency, 239 Neb. 465, 471, 476 N.W.2d 802, 807 (1991). While the law does not impose upon an insurance agent a duty to anticipate what coverage an individual should have, (Flamme, 239 Neb. at 471, 476 N.W.2d at 801; Polski v. Powers, 221 Neb. 361, 377 N.W.2d 106 (1985)), if the insured makes a specific request for insurance and the insurance agent or broker undertakes to advise the insured, the agent or broker must use reasonable care to provide complete and accurate information. Flamme, 239 Neb. at 471, 476 N.W.2d at 806; Dahlke v. John F. Zimmer Ins. Agency, Inc., 245 Neb. 800, 803, 515 N.W.2d 767, 770 (1994). An insured cannot rely upon an agent's patently absurd interpretation of a policy, but an insured may rightfully rely upon an agent's interpretation "that is plausible and not in patent conflict with the printed policy although legally untenable." Bayer v. Lutheran Mut. Life Ins. Co., 184 Neb. 826, 830, 172 N.W.2d 400, 402-403 (1969). The extent of an agent's duty must be determined on a case-by-case basis. Dahlke, 245 Neb. at 805, 515 N.W.2d at 772 .

The plaintiff's complaint alleges the essential elements of negligence, misrepresentation, and negligent or fraudulent concealment claims under Nebraska law. Although the defendants claim the plaintiff's complaint contains insufficient facts to support a claim, the complaint does allege that the plaintiff requested types of insurance for its business and relied on defendant Chase to obtain that level and type of insurance. Whether such allegations are sufficiently specific under Nebraska pleading law is unknown, and it is likewise unknown whether the plaintiff will ultimately prevail against the defendants. These procedural and substantive issues can be addressed, as needed, by the state court.

As relevant to determining plaintiff's motion for remand, from the face of plaintiff's complaint, "there is a reasonable basis for predicting that [Nebraska's] law might impose liability against [defendant Chase]." Filla, 336 F.3d at 811. Defendant Chase was not fraudulently joined for the purposes of this court's determination of diversity jurisdiction, and his citizenship must be considered in resolving plaintiff's motion for remand. The plaintiff and defendant Chase are citizens of the same state, complete diversity is lacking, and this court lacks subject matter jurisdiction. Plaintiff's motion for remand should be granted, and this case should be remanded to the District Court of Chase County, Nebraska.

The plaintiff has requested attorneys fees and costs incurred for defendants' improper removal of this case. In proper cases, such attorney fees and costs for can be recovered under 28 U.S.C. § 1447(c), Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the court's inherent authority. In re Crescent City Estates, LLC, 588 F.3d 822, 831 (4th Cir. 2009); Gottlieb v. Westin Hotel Co., 990 F.2d 323, 325 (7th Cir. 1993). This court has continuing jurisdiction, even after remand, to resolve the issue of sanctions. Tropf v. Fidelity Nat. Title Ins. Co., 289 F.3d 929 (6th Cir. 2002); In re Knight, 207 F.3d 1115 (9th Cir. 2000); Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323 (2d Cir. 1999); Matos v. Richard A. Nellis, Inc., 101 F.3d 1193 (7th Cir. 1996). See also, Perkins v. General Motors Corp., 965 F.2d 597, 599 (8th Cir.1992) (holding sanctions are collateral to the merits and may be considered by the district court even when, due to appeal, it was divested of jurisdiction over the case itself).

Since the parties have not briefed the cost and attorney fee issue, and the court will not addressed that issue at this time. The parties will, however, be ordered to attempt in good faith to resolve the issue without further court intervention, in the absence of which, the plaintiff can further submit the matter to the court if it chooses to do so.

IT THEREFORE IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b) that plaintiff's motion for remand, (filing no. 20), be granted. It is further recommended that this court retain jurisdiction over the plaintiff's request for fees and sanctions for improper removal of this case.

The defendants are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) On or before June 6, 2011, the parties shall confer and in good faith attempt to resolve plaintiff's demand for the attorney fees and costs plaintiff incurred in filing its motion for remand.

2) If an agreement is not reached on the attorney fee and cost issue, and the plaintiff wishes to pursue the claim, the plaintiff shall submit its evidence (see NECivR 54.1, 54.3, and 54.4) and supporting brief for taxation of costs and attorney fees by June 13, 2011, in the absence of which this claim will be deemed abandoned.

3) Any response to plaintiff's claim for attorneys fees and costs shall be filed on or before June 27, 2011.

4) No reply shall be granted absent leave of the court for good cause shown.

May 16, 2011  BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.